Filed 6/18/14  P. v. Deaver CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065517 & F065615 |
| v. | (Fresno Super. Ct. Nos. F10500514 & F12902412) |
| JASON DAVID DEAVER, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEALS from judgments of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

In case No. F10500514, a jury convicted appellant Jason David Deaver of assault with a firearm (count 2/Pen. Code, § 245, subd. (a)(2)),[1] shooting at an inhabited

---

[*] Before Levy, Acting P.J., Gomes, J. and Peña, J.

dwelling (count 3/§ 246), and found true an allegation in count 2 that appellant personally used a firearm (§ 12022.5, subd. (a)). In a separate proceeding, Deaver admitted four prior prison term enhancements (§ 667.5, subd. (b)).

In case No. F12902412, Deaver pled no contest to battery on a custodial officer (§ 243.1). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In April 2010, Deaver began a relationship with Talia Quinlan. Eventually he began living with her in her father's home in Caruthers.

On September 22, 2010, at approximately 7:00 p.m., Quinlan ended her relationship with Deaver. At approximately 10:38 p.m., Quinlan went to bed. Before midnight, Deaver was high on cocaine when he left a friend's house and went to Quinlan's house intending to sleep on the couch. However, when he arrived there he saw a car parked in the alley behind the house and he became emotionally distraught because he thought Quinlan had left him for another man. Deaver went to his friend's house, got a sawed-off shotgun, and returned to Quinlan's house around midnight. He then fired two shots through a window into Quinlan's bedroom. The shotgun pellets struck a wall mirror, a dresser, and the foot of Quinlan's bed, and they scattered glass all over the room and on Quinlan. Quinlan, however, was not hit by any of the pellets. Deaver fled but was arrested on September 26, 2010, on a parole violation.

On November 4, 2010, in case No. F10500514, the district attorney filed an information charging Deaver with attempted premeditated murder (count 1/§§ 664 & 187), assault with a firearm (count 2), and shooting into an inhabited dwelling (count 3). The information also alleged a personal discharge of a firearm enhancement in count 1

---

**1** All further statutory references are to the Penal Code, unless otherwise indicated.

(§ 12022.53, subd. (c)), a personal use of a firearm enhancement in count 2 (§ 12022.5, subd. (a)), and four prior prison term enhancements (§ 667.5, subd. (b)).

On January 18, 2012, the court granted the defense's request to suspend criminal proceedings after an issue arose regarding Deaver's competency to stand trial.

On April 4, 2012, Deaver was involved in an altercation with correctional officers at the Fresno County jail and was placed in a restraint chair in his cell. When Correctional Officer Paul Haro went to investigate noises Deaver was making, Deaver spit in his face twice (case No. F12902412).

On April 6, 2012, in case No. F12902412, the district attorney filed an information charging Deaver with battery on a custodial officer (§ 243.1), aggravated battery (§ 243.9), and five prior prison term enhancements.

On May 12, 2012, the court found Deaver competent to stand trial and reinstated criminal proceedings.

On June 18, 2012, in case No. F10500514, the district attorney filed an amended information that eliminated the allegations that the attempted murder was willful, deliberate, and premeditated. Additionally, a jury trial in that case began on that date.

On June 27, 2012, in case No. F10500514, Deaver admitted the four prior prison term enhancements charged in that case.

On June 28, 2012, a jury convicted Deaver of assault with a firearm and shooting into an inhabited dwelling and found true the firearm use enhancement in the assault count. The jury, however, was not able to reach a verdict on the attempted murder charge.

On June 29, 2012, in case No. F12902412, Deaver pled no contest to battery on a custodial officer in exchange for the dismissal of the remaining count and enhancements in that case, the dismissal of the attempted murder charge in case No. F10500514, the dismissal of case Nos. F12902412 and M10917967, and a stipulated concurrent term on his battery on a correctional officer conviction.

3.

On August 1, 2012, the court sentenced Deaver in both cases to an aggregate 18-year term: the upper term of four years on his assault with a firearm conviction, a 10-year firearm use enhancement in that count, a stayed term on his shooting into an inhabited dwelling conviction, a concurrent three-year term on his battery on a custodial officer conviction, and four one-year prior prison term enhancements. In case No. F10500514, the court awarded Deaver 776 days of presentence custody credit consisting of 676 days of presentence actual custody credit and 101 days of presentence custody credit pursuant to section 2933.1. In case No. F12902412, the court awarded Deaver 240 days of presentence custody credit consisting of 120 days of presentence actual custody credit and 120 days of presentence conduct credit pursuant to section 4019.

Deaver's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Deaver has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgments are affirmed.